NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000369
25-AUG-2011
10:01 AM

NO. CAAP-11-0000369

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEFFREY JOSEPH PLAUCHE,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
ELISA WATKINS PLAUCHE,
Defendant/Counterclaim-Plaintiff/Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 10-1-0070)

ORDER GRANTING IN PART AND
DENYING IN PART APPELLEE'S JUNE 14, 2011
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Defendant/Counterclaim-Plaintiff/
Appellee Elisa Watkins Plauche's (Appellee) June 14, 2011 motion
to dismiss Appeal No. CAAP-11-0000369 for lack of jurisdiction,
(2) Plaintiff/Counterclaim-Defendant/Appellant Jeffrey Joseph
Plauche's (Appellant) June 17, 2011 memorandum in opposition to
Appellee's June 14, 2011 motion to dismiss Appeal No. CAAP-11-
0000369 for lack of jurisdiction, (3) Appellee's June 28, 2011
reply memorandum in support of Appellee's June 14, 2011 motion to
dismiss appellate court case number CAAP-11-0000369 for lack of
jurisdiction, and (4) the record, it appears that we do not have
jurisdiction over Appellant's appeal to the extent that Appellant
seeks appellate review of the Honorable Keith E. Tanaka's

February 9, 2011 "Judgment Granting Divorce" (the February 9, 2011 judgment), because Appellant's May 3, 2011 notice of appeal is not timely as to the February 9, 2011 judgment under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure, but we do have jurisdiction over Appellant's appeal to the limited extent that Appellant seeks appellate review of the Honorable Keith E. Tanaka's April 13, 2011 "Order Denying Plaintiff's Motion for a Stay, an Amendment or Modification, and/or to Vacate the Family Court Order of February 9, 2011 Filed on March 24, 2011" (the April 13, 2011 order denying Appellee's HFCR Rule 60 motion to set aside the February 9, 2011 judgment), because that portion of the appeal is timely under HRAP Rule 4(a)(1).

The February 9, 2011 judgment is an appealable divorce decree pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006) and the holding in Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987). However, Appellant did not file his May 3, 2011 notice of appeal within thirty days after entry of the February 9, 2011 judgment, as HRAP Rule 4(a)(1) required. Nor did he timely file any post-judgment motions that would tell the time for filing a notice of appeal from the February 9, 2011 judgment.

Even assuming, arguendo, that Appellant did not receive timely notice of the entry of the February 9, 2011 judgment in violation of HFCR Rule 97, the remedy under HFCR Rule 97 for such an omission is not an automatic extension of time to file a notice of appeal, but, instead, the "[f]ailure to comply with this rule may be considered as grounds for relief from the judgment under Rule 60(b)(3) or 60(b)(6)." HFCR Rule 97. Appellant subsequently sought relief from the February 9, 2011 judgment by way of his March 23, 2011[1] post-judgment HFCR

---

[1] On March 23, 2011, Appellant Jeffrey Plauche submitted to the family court his post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment, but the family court did not file-stamp this document until March 24, 2011. The date on which the family court receives a document prevails over any subsequent file-stamped date on which the family court eventually files the document. See Doe v. Doe, 98 Hawaiʻi 144, 151, 44 P.3d 1085, 1092 (2002). Therefore, the effective date of this document is March 23, 2011, notwithstanding the file-stamped date of March 24, 2011.

Rule 60(b) motion to set aside the February 9, 2011 judgment, but the family court denied Appellant's requested relief under HFCR Rule 60(b) through the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. Accordingly, Appellant's May 3, 2011 notice of appeal is not timely under HRAP Rule 4(a)(1) as to the February 9, 2011 judgment.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack jurisdiction over Appellant's appeal to the extent that Appellant seeks appellate review of the February 9, 2011 judgment.

Nevertheless, we do have jurisdiction over Appellant's appeal to the to the extent that Appellant seeks appellate review of the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. An order denying a motion for post-judgment relief under HFCR Rule 60(b) is an appealable final order under HRS § 571-54. Therefore, the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment is an appealable final order under HRS § 571-54.

Appellant filed his May 3, 2011 notice of appeal within thirty days after entry of the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment, as HRAP Rule 4(a)(1) required. Therefore, Appellant's appeal is timely under HRAP Rule 4(a)(1) as to the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment.

Although Appellant's May 3, 2011 notice of appeal designates the February 9, 2011 divorce decree rather than the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment, "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." HRAP Rule 3(c)(2) (emphasis added). Consequently, "a mistake in designating the judgment . . . should not result in [the] loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation and internal quotation marks omitted); City & County v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976); Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003); In re Brandon, 113 Hawai'i 154, 155, 149 P.3d 806, 807 (App. 2006). Under the circumstances, we construe the May 3, 2011 notice of appeal as appealing from the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. Pursuant to HRS § 571-54, we have jurisdiction over Appellant's appeal to the limited extent that he seeks appellate review of the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. Therefore,

IT IS HEREBY ORDERED that Appellee Elisa Plauche's June 14, 2011 motion to dismiss Appeal No. CAAP-11-0000369 for lack of jurisdiction is granted in part and denied in part.

DATED: Honolulu, Hawai'i, August 25, 2011.


Chief Judge


Associate Judge


Associate Judge

-4-

Although Appellant's May 3, 2011 notice of appeal designates the February 9, 2011 divorce decree rather than the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment, "[a]n appeal <u>shall not be dismissed</u> for informality of form or title of the notice of appeal." HRAP Rule 3(c)(2) (emphasis added). Consequently, "a mistake in designating the judgment . . . should not result in [the] loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." <u>State v. Graybeard</u>, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (citation and internal quotation marks omitted); <u>City & County v. Midkiff</u>, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976); <u>Ek v. Boggs</u>, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003); <u>In re Brandon</u>, 113 Hawai'i 154, 155, 149 P.3d 806, 807 (App. 2006). Under the circumstances, we construe the May 3, 2011 notice of appeal as appealing from the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. Pursuant to HRS § 571-54, we have jurisdiction over Appellant's appeal to the limited extent that he seeks appellate review of the April 13, 2011 post-judgment order denying Appellant's March 23, 2011 post-judgment HFCR Rule 60(b) motion to set aside the February 9, 2011 judgment. Therefore,

IT IS HEREBY ORDERED that Appellee Elisa Plauche's June 14, 2011 motion to dismiss Appeal No. CAAP-11-0000369 for lack of jurisdiction is granted in part and denied in part.

DATED: Honolulu, Hawai'i, August 25, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-